FILED
SUPERIOR COURT
OF GUAM

2014 JUL -7 PM 4: 23

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT
## OF GUAM

MARIA D. LEON GUERRERO,                    )        Civil Case no. CV0832-12
                                           )
                    Plaintiff,             )
                                           )
          vs.                              )
                                           )        **DECISION AND ORDER**
                                           )
JAMES JI,                                  )
                                           )
                    Defendant.             )
_____           )

## INTRODUCTION

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's motion to withdraw was taken under advisement by the Honorable Judge Michael J. Bordallo on April 16, 2014. Defendant was represented by attorney Ron Moroni. Plaintiff was represented by attorney Anita Arriola. After having carefully considered, received, and reviewed the arguments, papers, and the file herein, the Court again grants Defendant's motion. It further enters other orders in accordance with the Superior Court of Guam's Administrative Rule No. 13-003.

## BACKGROUND

This case arises out of Plaintiff's July 11, 2012, Complaint for breach of contract, negligence, declaratory and injunctive relief. Plaintiff's causes of action are based in allegations surrounding a home renovation contract. Default was entered against Defendant on August 28, 2012. The default was set aside by stipulation and Defendant filed a Verified Answer and Counterclaim on January 31, 2013.

On August 1, 2012, the mater was assigned to the court's Master Calendar Case and on August 28, 2012, a Default Judgment was signed and entered by the Honorable Magistrate Alberto E. Tolentino. By stipulation of the Parties, signed on January 16 and 17, 2013, the default judgment was agreed to be set aside. Defendant filed an Answer and Counterclaim and Plaintiff filed an Answer to Defendant's pleading and a motion to dismiss and sanction. On March 6, 2013, the matter was assigned to the Honrable Judge Arthur Barcinas. On March 11, 2013, pursuant to 7 GCA §§ 6105 and 6107, Judge Barcinas filed a notice of recusal. The notice of recusal was found insufficient by the Presiding Judge Alberto C. Lamorena on March 26, 2013.

On July 29, 2013, pursuant to 7 GCA §§ 6105 and 6106 Judge Barcinas filed a Disqualification Memorandum and Order requiring that the parties file a Notice of Consent or Non-Consent to Judge's Barcinas' explanation of possible disqualifying facts. Subsequently the case was re-assigned to this Court on September 3, 2013.

On October 25, 2013, the Court signed and filed an order disposing of the Parties' pending motions and specifically granting Attorney Ron Moroni's motion to withdraw. The order was entered on October 28, 2013. In conjunction with the Court's filing of its decision and order granting Attorney Moroni's motion to withdraw, Attorney Moroni filed a paper requesting that his motion to withdraw as counsel of record be voided. On the same day of the Parties also filed a paper indicating that they had reached an agreement regarding the pending motions. The paper indicated that the Defendant had agreed to dismiss count II of his counterclaim in consideration for Plaintiff withdrawing her motion for fees and sanctions, unknowingly already denied by the Court.

On December 27, 2013 Attorney Moroni again filed a motion to withdraw as counsel of record in this matter. In support of his motion Attorney Moroni asserts that Defendant has indicated he is unwilling to pay the fees agreed upon in the retainer agreement and that Defendant has insisted upon a course of action which Attorney Moroni fundamentally disagrees.

Defendant requests that Attorney Moroni not be allowed to withdraw as counsel until the terms of the settlement agreement which the Parties filed on October 25, 2013, are enforced or Count II of Defendant's counterclaim is otherwise dismissed.

Defendant did not file a reply to Plaintiff's opposition paper. However, on February 10, 2014, the Parties filed a stipulation to dismiss count II of Defendant's counterclaim with prejudice.

## DISCUSSION

It appears from the Court's review of the papers herein that all motions currently pending before this Court have been resolved. The Court therefore finds the Plaintiff's reasons for opposing Attorney Moroni's request are moot. Furthermore it finds that he has asserted sufficient undisputed facts to support an order allowing his withdrawal.

Because of the unusual facts of this case:

1) the entry and setting aside of default;

2) the recent resolution of the contentious issue of SLAPP sanctions;

3) the multiple motions to withdraw filed by Defendant's counsel; and

4) the multiple assignments of judges;

the Court finds for purposes of the Guam Supreme Court's Administrative rule 13-003 the starting date of this case should begin at the date of the Court ordered and entered the Parties stipulation to setting aside the default judgment, November 18, 2013. Accordingly the Parties shall have a maximum of 180 to 540 days to resolve this matter from the November date.

//

//

## CONCLUSION

Based on the foregoing, the Defendant's motion to withdraw is GRANTED. Additionally the Parties are hereby ordered to submit stipulated or separate scheduling and discovery orders within 20 days of the entry of this order. Further proceedings shall be set in this matter on July , 28 , 2014, at 9 a m.

SO ORDERED, this 7 day of July 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
A. Arriola
R. moroni
Date: 7/7/4  Time: 4:30pm

Deputy Clerk, Superior Court of Guam